# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DEON DAYE,<br><br>    Defendant. | No. 16-CR-88-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is the government's Motion in Limine ("Motion") (docket no. 26).

## *II. RELEVANT PROCEDURAL HISTORY*

On December 6, 2016, the grand jury returned a one-count Indictment (docket no. 2), charging Defendant Deon Daye with perjury before the grand jury, in violation of 18 U.S.C. § 1623. Specifically, Defendant is charged with falsely testifying that (1) he had never met a person named Anthony Hall prior to April 13, 2015, and (2) he had never been in a car with Anthony Hall prior to April 13, 2015. *See* Indictment at 2. Defendant has pleaded not guilty and a jury trial is scheduled to begin on March 2, 2017. *See* Trial Scheduling Order (docket no. 27). On February 9, 2017, the government filed the Motion. On February 14, 2017, Defendant filed a Resistance (docket no. 29). On February 16, 2017, the parties appeared before the court for a final pretrial conference, during which they addressed the issues appearing in the Motion. *See* Feb. 16, 2017 Minute Entry (docket no. 32). The matter is fully submitted and ready for decision.

## *III. ANALYSIS*

In the Motion, the government seeks a pretrial ruling excluding evidence that Defendant used marijuana on the morning that he allegedly committed perjury. *See*

Motion at 1.[1]  The government argues that such evidence is not relevant because voluntary intoxication, via marijuana use, is not a legal defense to a general intent crime.  *See* Brief in Support of the Motion (docket no. 26-1) at 2.  Defendant argues that evidence of his marijuana use is relevant to his knowledge that his statements were false.  *See* Resistance at 5-6.

### A. *General Intent and Voluntary Intoxication*

Voluntary intoxication is not a defense to a general intent crime.  *See United States v. White Calf*, 634 F.3d 453, 457 (8th Cir. 2011) (citing *Montana v. Egelhoff*, 518 U.S. 37, 45-56 (1996)); *see also United States v. Oakie*, 12 F.3d 1436, 1442 (8th Cir. 1993).  "[S]pecific intent is 'the intent to accomplish the precise criminal act that one is later charged with.'  In contrast, general intent is the 'intent to perform an act even though the actor does not desire the consequences that result . . . .'" *United States v. Robertson*, 606 F.3d 943, 954 (8th Cir. 2010) (alterations omitted) (quoting *Cherichel v. Holder*, 591 F.3d 1002, 1012-13 (8th Cir. 2010)).  For example, in the context of a bank robbery, knowingly engaging in the act of "using force and taking money" constitutes general intent, while intending to "permanently . . . deprive the bank of its possession of the money" constitutes specific intent.  *See Carter v. United States*, 530 U.S. 255, 268 (2000).  In other words, general intent simply refers to the intent to engage in "the act which the crime requires."

---

[1] The issue of Defendant's marijuana use is also raised in Defendant's Motion to Suppress (docket no. 15), which remains pending along with Chief United States Magistrate Judge C.J. Williams's Report and Recommendation (docket no. 22), which recommends that the court deny the Motion to Suppress.  Because the Motion to Suppress addresses purely legal issues concerning Defendant's rights under the Due Process Clause, whereas the Motion addresses evidentiary issues of relevance, resolution of the Motion to Suppress is not necessary prior to resolution of the Motion.  *See Colorado v. Connelly*, 479 U.S. 157, 166-67 (1986) (distinguishing between the Due Process and evidentiary considerations relating to a single item of evidence).  The court will address the Motion to Suppress and the Report and Recommendation upon the expiration of the statutory objection period.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.

*United States v. Sewell*, 252 F.3d 647, 650 (2d Cir. 2001) (quoting 1 W. LaFave & A. Scott, Substantive Criminal Law, § 3.5, p. 315 (1986)).

Defendant concedes that perjury under § 1623 is not a specific intent crime. *See* Resistance at 3. The elements of perjury are as follows: (1) Defendant testified under oath before the grand jury; (2) the testimony was false in whole or in part; (3) Defendant knew the testimony was false at the time he testified; and (4) the false testimony was material. Model Crim. Jury Instr. 8th Cir. § 6.18.1623 (stating the elements for making false declarations in violation of 18 U.S.C. § 1623). Because there is no requirement that Defendant intended to deceive the grand jury or otherwise intended that his testimony be material, perjury under § 1623 is not a specific intent crime. However, perjury is not a typical "general intent crime" because it requires proof of knowledge above and beyond the knowing intent to engage in a basic act. The government must prove that Defendant knowingly engaged in the act of testifying under oath (Element 1). It must further prove that Defendant knew his testimony was false at the time he testified (Element 3). Evidence of Defendant's voluntary intoxication provides no defense to the general intent element of knowingly engaging in the act of testifying. *See White Calf*, 634 F.3d at 457; *Oakie*, 12 F.3d at 1442. The evidence is therefore not relevant to that element. *See Sewell*, 252 F.3d at 650-51 (affirming a district court that excluded voluntary intoxication evidence as irrelevant to the general intent of bank robbery). Yet, despite lacking a specific intent element, perjury still requires the government to prove that Defendant knew that his testimony was false. Merely because Defendant's marijuana use is no defense to the general intent element does not mean that the evidence is irrelevant to some other element or defense—for example, Defendant's knowledge that his testimony was false. *Cf. Dupont v. Fred's Stores of Tenn., Inc.*, 652 F.3d 878, 882 (8th Cir. 2011) (recognizing that, where evidence is probative to "a central issue in the case," it need not be excluded simply

3

because it is also probative to an improper defense). Therefore, the court will proceed to analyze the relevance of the evidence with respect to knowledge of falsity.

## B. *Relevance*

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 (formatting omitted). Relevant evidence is presumed admissible. *See* Fed. R. Evid. 402. "The threshold for relevance is quite minimal." *United States v. Farlee*, 757 F.3d 810, 821 (8th Cir. 2014) (quoting *United States v. Holmes*, 413 F.3d 770, 773 (8th Cir. 2005)).

As noted above, the government must prove that Defendant knew his statements were false at the time he testified. Defendant may rebut the government's evidence with his own evidence. With respect to the evidence at issue, the court finds that, if believed by the jury, Defendant's use of large quantities of marijuana[2] before testifying to the grand jury might have some "minimal" tendency to make it less probable that he knew his testimony was false. *See Farlee*, 757 F.3d at 821. However, in order to introduce such evidence, the court shall first require Defendant to lay foundation establishing some link between marijuana use and faulty memory or some other impact on his ability to comprehend the falsity of his statements. In the event that Defendant is capable of doing so, this circumstantial context evidence—his use of marijuana—would go to Defendant's knowledge of falsity. *See United States v. Blanton*, 281 F.3d 771, 774 (8th Cir. 2002) (in a prosecution under § 1623, observing that "[t]he evidence concerning [the defendant's] knowledge is circumstantial, and its probative force is dependent upon the jury's evaluation of the credibility of the witnesses"). Because Defendant's knowledge is clearly a material

---

[2] At a hearing on the Motion to Suppress, Defendant testified that he smoked eight marijuana blunts the morning of his grand jury testimony. *See* Report and Recommendation at 2.

4

matter, the evidence would be relevant. *See United States v. Golding*, 833 F.3d 914, 918 (8th Cir. 2016) ("In determining the relevancy of the evidence at issue . . . , this court first looks to what elements must be proven under the statute of conviction." (alterations omitted) (quoting *United States v. McCorkle*, 688 F.3d 518, 521 (8th Cir. 2012))). In summary, if Defendant lays the evidentiary foundation that marijuana use effects him in a way that impacts his knowledge of falsity, then evidence of his marijuana use will be relevant and admissible at trial. However, Defendant's marijuana use, standing alone, has no relevance unless Defendant can link such marijuana use to an inability to know that his testimony was false. Because the court has insufficient information at this time to find the existence of the requisite evidentiary foundation, the court reserves ruling on the Motion.

## IV. CONCLUSION

In light of the foregoing, the court **RESERVES RULING** on the Motion (docket no. 26). Each party is charged with the responsibility of cautioning its witnesses as to the substance of this order. If during the presentation of evidence a party believes that a prohibited subject has become relevant or that the necessary predicates for admission have been established, the party may request an opportunity to argue for admissibility outside the presence of the jury. Each ruling in this order is binding on all parties.

**IT IS SO ORDERED**.

**DATED** this 21st day of February, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA